*231 OPINION of the Court, by
Judge LogaN.
Hord having instituted his action for slanderous words against
The anjwer of ⅜⅛ gwnwt judgment *»* law, is evidence ⅛« the com-creditor iaand therefore pre-judie ed by the «vanee."1 ”⅛
Bust, pending the suit Bust epnyeyed ⅛⅛ estate in fopst trustee^ for. the benefit of 1⅛ wife and children. '‡⅛ set aside this deed, and be let in for the amount of the judgment recovered and post, Hord exhibited his bill, S€^'n?forth these facts and -⅛6 spin recovered, and charging the conveyance Qsfrquduleiit and voluntary,
Bust admits the fapte alleged, but deni&s frqyd j gnd states that haying received the principal part of his ps-tote ⅛ B« wife, he had therefore been induped to exp-cute this deed, as also for the purpose of paying certain debts therein specified. The other defendants, trustees aní^ ces^uÍ ?»e trust, knowing nothing of their qwn knovy-ledge, require proof of the facts charged.
The evidence in the cause very abundantly establishes the fraudulent intent with which this deed was executed, The witnesses prove toe repeated declarations of toe grantor to that effect. And the deed itself carries upon ⅛ face evidence quite satisfactory of the fact, compri-§fog a ⅛⅞’6 estate of in any tracts of land, about twenty negroes, and other estate even down to the pppLtpy, for the payment of a few hundred dollars and some othpr inconsiderable neighborhood debts.
But the complainant failed to produce proof pf Ms re-povery in toe action at Jaw; and toe rule is relied op by toe other defendants, that the answer of one defendant cannot be received in evidence against another.
We apprehend, however, that the competenpy of this evidence in relation to the other defendants, is not important in the present cause.' But two things seem eg; sential to the right of recovery : 1st, the fraud, which is established; and 2dly, that the complainant wa§-á Creditor of the grantor. There is no doubt but that Bugt nould by his own act, independent of those volunteers to whom this property was thus fraudulently cpn^pyeji, Laxe created hmfufide creditors for valuable confiderií-tiqns, who might have avoided this conveyance to extent of their debts. And of su,ch debts, would ppt §yj-dence furnished by himself be competent prqqf 2 §⅜⅛⅛ as by his act he could create toe right, so ⅛ would Be equally competent to furnish the evidence. The one is a necessary incident of the other : for the evidence of the act wbicb creates the debt or mpkes the debtor, issues from the act itself) ar.d as Be ⅛ competent to create the one, the other results as a consequence. His admission, therefore, is competent evidence of ⅛ ⅜⅛⅛- *233 S.1 that as against Rust, there is fraud, and there is á creditor; and the conveyance being but voluntary, the deed thus far is void as to the creditor, and the property liable to the debt.
The decree of the circuit court, therefore, dismissing the complainants’ bill must be reversed with costs, and the cause remanded to said court ill order that a decree may be pronounced conformably to this opinion!